# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY LAMONT RUFF,**

    Petitioner,

v.                                              Civil Action No. 3:13cv104
                                                  (Judge Groh)

**RUSSELL PERDUE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On September 12, 2013, Timothy Lamont Ruff ("Ruff"), the *pro se* petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, initiated this case by filing a petition pursuant to 28 U.S.C. §2241. The Clerk of Court issued a deficiency notice. On September 24, 2013, pursuant to the deficiency notice, the petitioner paid the filing fee.

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915A and LR PL 2, is ripe for review.

## I. Factual and Procedural History[1]

On July 8, 1996, along with four co-defendants, Ruff was indicted for various federal offenses, including conspiracy to violate the Hobbs Act; armed robbery; using and carrying a firearm during a crime of violence; and being a felon in possession of a firearm.[2] On September 20, 1996, Ruff entered into a written plea agreement with the Government. Ruff agreed to plead guilty to Count One (conspiracy to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951); Count Two (obstruct, delay and affect commerce by robbery and aiding abetting the same, in violation of 18 U.S.C. § 1951 & (2); and Count Three (using a firearm during and in relation to a

---

[1] The recitation of the factual history of the petitioner's conviction and sentence is taken from the petitioner's criminal docket sheet available on PACER (W.D.N.C. 4:96cr56-1), as well as his appellate history with the 4th Circuit Court of Appeals.

[2] (W.D.N.C. Dkt.# 1)(4:96cr56-1).

1

crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c). Pursuant to the agreement, the remaining counts of the Indictment were dismissed. Petitioner entered his guilty pleas on September 24, 1996.

On April 14, 1997, Ruff was sentenced to a term of 240 months' imprisonment on Counts One and Two, to be served concurrently, and a term of 120 months on Count Three, to run consecutively to the sentences imposed Counts One and Two,[3] for a total sentence of 360 months imprisonment.[4] Petitioner was ordered to reimburse the government for CA counsel; pay $12,888 in restitution to an individual and $3,505.25 restitution to the North Carolina Crime Victims Compensation Commission.[5] Petitioner timely appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Ruff claimed that the Government breached the written plea agreement by declining to move for a downward departure based on his substantial assistance under USSG § 5K1.1. On February 23, 1993, in an unpublished opinion, the Fourth Circuit rejected this claim and affirmed the district court's judgment, noting that not only there was no unconditional promise to move for a 5K1.1 departure, petitioner had actually refused to cooperate with the Government prior to sentencing.[6]

On March 22, 1999, Ruff filed a motion to modify his sentence in the sentencing court; it was denied two days later.[7]

---

[3] (W.D.N.C. Dkt.# 68, Judgment in a Criminal Case)(4:96cr56-1).

[4] The Bureau of Prisons' Inmate Locator indicates that petitioner's expected release date is August 19, 2022, thus petitioner has 8 more years to serve on his §924(c) conviction.

[5] See Criminal Docket, W.D.N.C. 4:96cr56-1.

[6] United States v. Moses, Nos. 97-4321, 97-4193, 1998 U.S. App. LEXIS 2735 (4th Cir. Feb. 20, 1998).

[7] (W.D.N.C. Dkt.# 82;83)(4:96cr56-1).

2

On August 30, 1999, petitioner filed a motion in the sentencing court, challenging his order of restitution, which the Court construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On September 3, 1999, the Court dismissed the Motion to Vacate as untimely, since it was filed outside of the one-year period provided for under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[8]

On October 26, 1999, petitioner moved in the sentencing court for leave to file a §2255 motion; it was denied on November 5, 1999.[9]

On January 20, 2000, petitioner filed a §2244 Motion for authorization to file successive habeas application with the 4th Circuit Court of Appeals; by Order entered February 2, 2000, the motion was denied.[10]

On October 18, 2000, petitioner filed a second §2244 Motion for authorization to file successive habeas application with the 4th Circuit Court of Appeals; by Order entered November 8, 2000, the motion was denied. Petitioner filed a motion for reconsideration on December 11, 2000; it was denied the same day.[11]

On October 2, 2001, petitioner filed a third §2244 Motion for authorization to file successive habeas application with the 4th Circuit Court of Appeals; by Order entered October 22, 2001, the motion was denied.[12]

Petitioner filed a second §2255 Motion to Vacate on September 9, 2004; the Court dismissed it as an unauthorized second or successive petition on October 4, 2004.[13] Petitioner filed a letter motion for reconsideration on March 7, 2005; it was denied on March 10, 2005.[14]

---

[8] (W.D.N.C. Dkt.# 85; 86)(4:96cr56-1).

[9] (W.D.N.C. Dkt.# 87; 88)(4:96cr56-1).

[10] (4th Cir. Dkt.# 7)(00-604).

[11] (4th Cir. Dkt.# 7; 11)(00-840).

[12] (4th Cir. Dkt.# 7)(01-206).

On June 2, 2008, petitioner filed motion for relief from judgment in the sentencing court; it was denied on July 21, 2008.[15]

On June 27, 2008, petitioner filed a petition for writ of mandamus with the 4th Circuit Court of Appeals, seeking an Order directing his release from prison, based on his claim that the United States had no jurisdiction to prosecute him. On October 23, 2008, by unpublished *per curiam* opinion, the 4th Circuit denied the petition.[16]

On July 26, 2012, Ruff filed his third §2255 Motion to Vacate; it was dismissed on October 16, 2012 as yet another unauthorized, successive §2255 motion.[17] Petitioner appealed to the Fourth Circuit on November 19, 2012. On April 2, 2013, the 4th Circuit Court of Appeals entered an order denying him a certificate of appealability and dismissing the appeal.[18] Ruff then filed a petition for rehearing, which was also denied, by Order entered June 10, 2013.

On December 3, 2012, Ruff filed a fourth §2244 Motion for authorization to file successive habeas application with the 4th Circuit Court of Appeals; by Order entered December 21, 2012, the motion was denied.[19]

On June 24, 2013, Ruff filed his fourth §2255 Motion to Vacate; on July 8, 2013 it, likewise, was dismissed as unauthorized and successive.[20] On July 17, 2013, Ruff filed a notice of appeal; the

---

[13] (W.D.N.C. Dkt.# 92; 93)(4:96cr56-1).

[14] (W.D.N.C. Dkt.# 94; 95)(4:96cr56-1).

[15] (W.D.N.C. Dkt.# 96; 97)(4:96cr56-1).

[16] (4th Cir. Dkt.# 5)(08-1722).

[17] (W.D.N.C. Dkt.# 101; 102)(4:96cr56-1).

[18] (4th Cir. Dkt.# 7)(12-8016).

[19] (4th Cir. Dkt.# 5)(12-380).

[20] (W.D.N.C. Dkt.# 109; 111)(4:96cr56-1).

same day, in a letter to the court, he withdrew the notice of appeal, stating "I have since wrote to the appropriate court to ask permission to file the appropriate motion."[21]

On August 2, 2013, Ruff filed his fifth §2244 Motion for authorization to file successive habeas application with the 4th Circuit Court of Appeals;[22] by Order entered August 29, 2013, the motion was denied.[23]

Two weeks later, on September 12, 2013, Ruff filed the instant §2241 petition.

On September 30, 2013, in the sentencing court, Ruff filed a motion for copies at the government's expense, seeking disclosure of "all records wherein [his] name is utilized," including charging instruments, law enforcement reports, and his "Sentencing Packet, Plea, Sentencing Transcripts, [and] Judgement [sic]."[24] The Court denied the motion on December 5, 2013 as precluded by the waiver in his plea agreement.[25]

## II. Claims Raised by the Petitioner

Petitioner attacks the validity of his convictions and sentence, asserting three grounds for relief:

1) he is actually innocent of Count 3, the Title 18 U.S.C. §924(c) violation;

2) the Government committed a Brady[26] violation by not revealing that petitioner's fingerprints were not found on the gun, evidence which would have been exculpatory to him; and

---

[21] (W.D.N.C. Dkt.# 112; 113)(4:96cr56-1).

[22] In his instant petition, petitioner states that he previously presented the grounds raised herein to the 4th Circuit, when seeking "permission to file a second and successive 2255 on the ruling of Alleyne v. United States [sic] McQuiggin v. Perkins [sic] File June 29 2013 denied Aug 29 2013 [sic] wrong avenue for relief." Dkt.# 1, ¶13 at 7. Not only does the instant petition make no mention of Alleyne, the 4th Circuit's August 29, 2013 Order denying the §2244 motion makes no mention of petitioner having used the "wrong avenue for relief."

[23] (4th Cir. Dkt.# 5)(13-327).

[24] (W.D.N.C. Dkt.# 115 at 2, 3)(4:96cr56-1).

[25] (W.D.N.C Dkt.# 116)(4:96cr56-1).

[26] Brady v. Maryland, 373 U.S. 83 (1963).

3) counsel was ineffective for failing to challenge the unlawful, warrantless search of his locked black suitcase.

As relief, petitioner requests that his judgment be vacated and his sentence corrected; he be immediately released from federal custody; his personal property, taken by the government, including clothes, jewelry, $2,000 cash; and a black suitcase, be returned to him; and that he receive a certificate of innocence pursuant to 28 U.S.C. §2513(a)(1)(e)[27] of the "Unjust Conviction and Imprisonment Act."[28]

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention, is that he "claims actual innocence. A prisoner proceeding under §2241 can implicate the saving clause [sic] of §2255(e) when he alleges actual innocence."[29]

Subsequent to the filing of his petition, without seeking leave of court, petitioner filed two documents, each titled "Addendum," expanding on his claims regarding the allegedly unlawful search of his black suitcase containing the firearm.[30]

### III. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's

---

[27] Title 28 U.S.C. §2513(a)(1)(e) states that "[t]he amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff."

[28] Dkt.# 1 at 8.

[29] Dkt.# 1 at 9.

[30] Dkt.# 8 and 11.

6

commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his conviction and sentence vacated, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[31]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, is challenging the legality of his Title 18 U.S.C. §924(c) conviction and the imposition of his 120-month consecutive sentence for that violation. In particular, he is alleging that multiple constitutional violations were committed by various actors and that his attorney was ineffective for not challenging what he contends was a warrantless search of a black suitcase containing the firearm at issue. He

---

[31] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h)(1) and (2).

7

argues that the illegal search of the suitcase led to "the fruits of the poisonous tree" in the form of "a bunch of confession and statements [by petitioner and his co-defendants] that should have been suppressed."[32] Thus, he contends, he is actually innocent of the 924(c) charge, and therefore, his conviction and continued detention for the same is unconstitutional.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §1951 and 18 U.S.C. § 924(c) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) as a new rule of law "made retroactive[33] by the Supreme Court" is misplaced. In McQuiggin, the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the Schlup[34] standard. 133 S. Ct. at 1928. Thus, McQuiggin held that a claim of actual innocence can overcome the expiration of the statute of limitations only for an untimely *first* habeas application. 133 S. Ct. at 1928. Key to understanding the holding in McQuiggin is that the Supreme Court concluded that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. See id. at 1934. Notably for petitioner, the McQuiggin Court expressly recognized that Congress, through §2244(b), had intended to "modify" and "constrain[]" the "actual innocence" exception with respect to second or

---

[32] Dkt.# 8 at 2.

[33] Presumably, although petitioner did not say so, he was attempting to claim that McQuiggins was a new rule of law, previously unavailable, that was made retroactively applicable to cases on collateral review.

[34] Schlup v Delo, 513 U.S. 298 (1995).

successive petitions. See id. at 1933-34. Accordingly, nothing in McQuiggin allows petitioner to repeatedly attempt to attack his 924(c) conviction and sentence on the same grounds,[35] through successive §2244 or §2255 motions, let alone via a §2241 motion.

Finally, even assuming petitioner's claims were not procedurally barred as having previously been repeatedly litigated, which they are; and were timely, which they are not,[36] because petitioner was not sentenced in this District, this Court is also without jurisdiction to decide his claims.[37] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Fourth Circuit Court of Appeals, the sentencing court would likewise be without authority to hear this case.[38] Given petitioner's abusive filing history, it is unlikely he would be successful even there. Moreover, even if petitioner could bring this petition there, he could not receive the relief he requests under 28 U.S.C.

---

[35] Because of the age of petitioner's three earlier §2244 applications, they are not hyperlinked; therefore, they are inaccessible to electronic review on the 4th Circuit's docket. However, petitioner's 4th and 5th §2244 motion are electronically accessible, and they each raise the same grounds petitioner is raising here. On August 29, 2013, two weeks before petitioner initiated this action, the 4th Circuit denied petitioner's 5th §2244 motion. See (4th Cir. Dkt.# 5)(13-327). In light of that Order, denying petitioner's § 2244 motion, presumably because he had no newly-discovered evidence or could not cite to a new rule of constitutional law, previously unavailable, made retroactive to cases on collateral review by the Supreme Court, petitioner's instant §2241 Motion, raising the same claims denied there, fail as well.

[36] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[37] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[38] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2513(a)(1)(e), because not only are money damages unavailable in §2241 actions,[39] Title 28 U.S.C. §2513(a)(1)(e) is only applicable to suits brought under 28 U.S.C. §1495.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Further, the undersigned recommends that petitioner's pending Motion for Franks Hearing (Dkt.# 14) and Motion to Compel BOP to Produce PreSentence Investigation Report (Dkt.# 15) be **DENIED as moot.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by August 19, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 5, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[39] McKinney-Bey v. AG, 69 Fed. Appx. 113, 113-14 (4th Cir. 2003) *(per curiam)*.