# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIMOTHY LAMONT RUFF,**

    Petitioner,

v.                                  **CIVIL ACTION NO. 3:13-CV-104**
                                        **(JUDGE GROH)**

**RUSSELL PERDUE,**

    Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. This action was referred to Magistrate Judge Seibert for submission of an R&R by standing order.

On September 12, 2013, the *pro se* Petitioner initiated this case by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He thereafter filed a motion for a <u>Franks</u> hearing and a motion to compel the Bureau of Prisons to provide him with his presentence report and judgment order with the statement of reasons. On August 5, 2014, Magistrate Judge Seibert filed his R&R [Doc. 19]. He recommends that the Court dismiss this case with prejudice and deny the other motions as moot. The Petitioner timely filed objections to the R&R.

### I. Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## II. Analysis

Magistrate Judge Seibert recommends dismissing the petition because it is procedurally barred. The Petitioner does not dispute the basis of this recommendation. Rather, he discusses only the merits of his underlying claims (e.g., that the seizure of a black suitcase that led to his indictment violated his Fourth Amendment rights). Because the Petitioner does not object to the finding that his § 2241 motion is procedurally barred, the Court reviews this portion of the R&R for clear error and finds none. The Court also finds no clear error in the recommended disposition of the other pending motions.

## III. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Petitioner's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court **DENIES AS MOOT** the Motion for Franks Hearing and Motion to Compel.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondent.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and the pro se Petitioner.

**DATED:** August 19, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE